CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JAN 27 2020

JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DOUGLAS A. HOGLAN, | ) |
| | ) Civil Action No. 7:16cv00595 |
| Plaintiff, | ) |
| | ) |
| v. | ) MEMORANDUM OPINION |
| | ) |
| A. DAVID ROBINSON, et al., | ) |
| | ) By: Hon. Jackson L. Kiser |
| Defendants. | ) Senior United States District Judge |

Douglas A. Hoglan, a Virginia inmate proceeding pro se, commenced this action pursuant to 42 U.S.C. § 1983, naming numerous officials of the Virginia Department of Corrections ("VDOC") and Green Rock Correctional Center ("Green Rock") as defendants. This matter is before me on defendants' second motion for summary judgment. After reviewing the record, I will grant in part and take under advisement in part defendants' motion.[1]

I.

This case concerns the VDOC's interception and confiscation of various photos while Hoglan was confined at Green Rock. Defendants have again moved for summary judgment

---

[1] I will also deny Hoglan's motion to amend [ECF No. 134]. While the "court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), leave to amend a pleading should be denied "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile," Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)). Hoglan's proposed amendment would be futile because he clearly did not exhaust his claims before filing this action. See Ross v. Blake, 136 S. Ct. 1850, 1854-55 (2016) (quoting 42 U.S.C. § 1997e(a)) (holding that the PLRA "mandates that an inmate exhaust 'such administrative remedies as are available' before bringing suit to challenge prison conditions.") Further, allowing the proposed amendment at this point in the case, nearly three years after the case was filed and while the case is already set for trial, would be prejudicial to the defendants.

on Hoglan's claims that (1) the defendants unlawfully prohibited him from receiving emails with images from commercial vendors Sports Illustrated and For Your Eyes Only ("FYEO"), and (2) the VDOC's Operating Procedure ("OP") 803.1's reliance on 18 U.S.C. § 2257 is unlawfully overbroad.[2] With regard to the first claim, defendants argue that Hoglan has no constitutional right to receive any form of secured messaging while he is in prison; that even if Hoglan did have a protected right to secured messaging, the defendants have a legitimate penological reason for restricting Hoglan's use of the secured messaging system for receipt of semi-nude digital images; and, finally, that the defendants are entitled to qualified immunity. With regard to the second claim, defendants argue that the claim is now moot because the VDOC has changed OP 803.1 to delete the provision which I previously identified as problematic. [See ECF No. 77.]

## II.

Inmates clearly retain protections afforded by the First Amendment, but those rights must be balanced with prisons' institutional needs of security, discipline, and general administration. O'Lone v. Estate of Shabazz, 482 U.S. 342, 348-49 (1987). Thus, "a prison regulation that abridges inmates' constitutional rights is 'valid if it is reasonably related to legitimate penological interests.'" Lovelace v. Lee, 472 F.3d 174, 199 (4th Cir. 2006) (citing

---

[2] OP 803.1 governs inmate correspondence. Inmates may receive correspondence by mail or secure messaging, commonly known as email.

2

Turner v. Safley, 482 U.S. 78, 84 (1987)). Whether a regulation is "reasonably related to legitimate penological interests" depends on:

> (1) [W]hether there is a "valid, rational connection" between the prison regulation or action and the interest asserted by the government, or whether this interest is "so remote as to render the policy arbitrary or irrational"; (2) whether "alternative means of exercising the right . . . remain open to prison inmates," an inquiry that asks broadly whether inmates were deprived of all forms of [the] [right] or whether they were able to participate . . . other[wise] . . .; (3) what impact the desired accommodation would have on security staff, inmates, and the allocation of prison resources; and (4) whether there exist any "obvious, easy alternatives" to the challenged regulation or action, which may suggest that it is "not reasonable, but is [instead] an exaggerated response to prison concerns."

Id. at 200 (citing Turner, 482 U.S. at 89-92); see Overton v. Bazzetta, 539 U.S. 126, 132 (2003) (discussing burdens).

Hoglan argues that the defendants violated the First Amendment by prohibiting his receipt of emails containing images from Sports Illustrated and FYEO. I conclude that further development of the Turner factors is necessary and, therefore, will take defendants' motion for summary judgment under advisement as to this claim.

## III.

Hoglan also brings a facial challenge to the VDOC's OP 803.1's implementation of § 2257. Section 2257(a) regulates depictions of "actual sexually explicit conduct" related to interstate or foreign commerce and produced after November 1, 1990. See 28 C.F.R. § 75.1(c) (defining producer); Connection Distrib. Co. v. Holder, 557 F.3d 321, 325 (6th Cir. 2009) (discussing the statute's application to primary and secondary producers). "Sexually explicit

3

conduct" means "actual or simulated . . . (i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (ii) bestiality; (iii) masturbation; (iv) sadistic or masochistic abuse; or (v) lascivious exhibition of the anus, genitals, or pubic area of any person[.]" 18 U.S.C. § 2256(2)(A).

As of August 4, 2015, and at the time this action was filed, OP 803.1, in relevant part, required "[a]ll commercially distributed photographs . . . to have the vendor's identification information and a 18 USC §[]2257 compliance statement, <u>when applicable</u>, affixed to each individual photograph." It further stated that "[a]ny distributor or vendor of commercial photographs depicting nudity or <u>other sexual content</u> must include on each photo a statement certifying that they are in compliance with the provisions of 18 USC §[]2257 which requires vendors to verify that the models depicted in the photographs are 18 years of age or older." In the version of OP 803.1 that was in effect at the time this action was filed, the VDOC expanded § 2257's focus from "actual sexually explicit conduct" to the VDOC's undefined term "other sexual content." I previously denied defendants' first motion summary judgment as to Hoglan's facial challenge to OP 803.1, after concluding that the defendants failed to address why they believed it was reasonably necessary to protect models by applying § 2257 to undefined "other sexual content" versus the statute's defined term of "actual sexually explicit conduct." I also granted Hoglan a preliminary injunction to the extent that the defendants were directed to enforce OP 803.1's certification requirement "when applicable" under § 2257 as against Hoglan for images depicting "sexually explicit conduct" as defined by

4

18 U.S.C. § 2256, and without regard to the then-OP 803.1's undefined term of "other sexual content."

The VDOC's OP 803.1 has since been amended and no longer uses the term "other sexual content"; instead, it now includes the term "sexually explicit content" and tracks the defining language of the federal statute upon which it is based. The relevant portion of the OP regarding the § 2257 stamp currently states:

> Any distributor or vendor of commercially distributed photographs depicting sexually explicit content must also include on each photograph a statement certifying that they are in compliance with the provisions of 18 USC § 2257 which requires vendors to verify that the models depicted in the photographs are 18 years of age or older. "Sexually explicit content" is to be given the meaning found in 18 U.S.C. § 2256(2)(A). Specifically, "sexually explicit content" means actual or simulated sexual: (i) intercourse, including genital-genital, oral-genital, anal-genital, whether between persons of the same or opposite sex; (ii) bestiality;(iii) masturbation; (iv) sadistic or masochistic abuse; or (v) lascivious exhibition of the genitals or pubic area of any person. Sexually explicit content that violates the Specific Criteria for Publication Disapproval in Operating Procedure 803.2, Incoming Publications, is prohibited.

OP 803.1(VI)(C)(9)(d)(v)(c) (emphasis added). The amended OP 803.1 now reads as I had required the OP to be applied to Hoglan when I issued the preliminary injunction in 2018.

Article III of the United States Constitution permits federal courts to adjudicate only actual cases or controversies. See Williams v. Ozmint, 716 F.3d 801, 808 (4th Cir. 2013); see also Warren v. Sessoms & Rogers, P.A., 676 F.3d 365, 370 (4th Cir. 2012); DeFunis v. Odegaard, 416 U.S. 312, 316 (1974). The requirement of a "live" or "actual" case or controversy applies to all stages of a federal case. Lewis v. Cont'l Bank Corp., 494 U.S. 472,

5

477-79 (1990). "[I]t is not enough that a dispute was very much alive when [the] suit was filed," but the parties must have "a particularized, concrete stake" in the outcome of the case through all phases of the litigation. Id. at 477 (additional citations and quotations omitted). "A case becomes moot 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" Williams, 716 F.3d at 809 (internal citations omitted). "Mootness questions often arise in cases involving inmate challenges to prison policies or conditions," Incumaa v. Ozmint, 507 F.3d 281, 286 (4th Cir. 2007), "because by the time such a suit is ready for adjudication, the challenged practice or policy may no longer affect the prisoner." Williams, 716 F.3d at 809.

"A facial challenge considers the restriction's application to all conceivable parties. . . ." Colo. Right to Life Comm., Inc. v. Coffman, 498 F.3d 1137, 1146 (10th Cir. 2007). There are three ways in which a plaintiff may facially challenge a regulation under the First Amendment. A plaintiff can demonstrate that: no set of circumstances exists under which the regulation would be valid; the regulation lacks any plainly legitimate sweep; or the regulation is "overbroad" because a substantial number of its applications are unconstitutional, when judged in relation to a plainly legitimate sweep. United States v. Stevens, 559 U.S. 460, 472-73 (2010). "When a facially overbroad regulation is subsequently narrowed within constitutional boundaries, the inherent threat of content-based discrimination becomes null."[3] Rock for Life-

---

[3] "[A] facial challenge usually invites prospective relief, such as an injunction, whereas an as-applied challenge invites narrower, retrospective relief, such as damages." Six Star Holdings, LLC v. City of Milwaukee, 821 F.3d 795, 803 (7th Cir. 2016).

6

UMBC v. Hrabowski, 411 Fed. App'x 541, 550 (4th Cir. 2010). Because OP 803.1 has been amended to eliminate the overly broad requirements that I previously identified, Hoglan's facial challenge to a policy that is no longer in effect is moot.[4] See, e.g., McLean v. City of Alexandria, 106 F. Supp. 3d 736 (E.D. Va. 2015).[5]

## V.

For the foregoing reasons, I will take defendants' motion for summary judgment under advisement in part as to Hoglan's claims that the defendants unlawfully prohibited him from receiving emails with images from Sports Illustrated and FYEO, and I will grant defendants' motion for summary judgment in part as to Hoglan's facial challenge to OP 803.1's implementation of § 2257.

**ENTERED** this 27th day of January, 2020.

s/Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE

---

[4] I note that Hoglan is not precluded from challenging the new policy in a separate civil action.

[5] Because Hoglan's facial challenge is now moot, I will also deny his related motion seeking to enforce the previously issued preliminary injunction [ECF No. 94].